UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| CALVIN M. COSTANZA, ET AL., | CIVIL ACTION |
| Plaintiffs | |
| VERSUS | NO. 17-5706 |
| ACCUTRANS, INC., | SECTION: "E" (5) |
| Defendant | |

## ORDER AND REASONS

Before the Court is Defendant Accutrans, Inc.'s ("Accutrans") motion for summary judgment.[1] The motion is opposed.[2] For the following reasons, the Court grants the motion.

## BACKGROUND

Accutrans provides stevedoring services to various companies operating in the Gulf of Mexico.[3] Plaintiff Calvin Costanza worked as a tankerman for Accutrans from April 2012 until January 2016.[4] His duties included "loading and/or unloading cargo from barges, mooring the barges to the dock, monitoring the drafts of the barges to make sure they stayed afloat, and pumping out the ballast tanks if the barges took on water during the loading and/or unloading process."[5] When Accutrans assigned Mr. Costanza to a particular barge, he was in charge and given total control over it. For the most part, these barges were "special purpose vessels designed to transport hazardous cargo," and Mr. Costanza was "regularly being exposed to toxic substances."[6] In January 2015, Mr. Costanza was diagnosed with cancer.[7] Plaintiffs allege Mr. Costanza's cancer is a direct

---

[1] R. Doc. 23.
[2] R. Doc. 24.
[3] R. Doc. 12-1 at 1.
[4] R. Doc. 1-1 at ¶ 3; R. Doc. 16-6; R. Doc. 12-1.
[5] R. Doc. 16 at 1–2.
[6] R. Doc. 16 at 12–13.
[7] R. Doc. 1-1 at ¶ 6.

1

result of his "expos[ure] to toxic and carcinogenic substances" "while in the course and scope of his employment."[8]

Plaintiffs filed the instant matter in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana on May 8, 2017 pursuant to the Jones Act, 46 U.S.C. § 688.[9] In their state court petition, Plaintiffs alleged Mr. Costanza "was employed as a seaman within the meaning of the Jones Act and the General Maritime Law."[10] On June 9, 2017, Accutrans removed the action to this Court,[11] contending Plaintiffs may not seek relief under the Jones Act, as Mr. Costanza's seaman status was fraudulently pleaded.[12] Plaintiffs then filed a motion to remand the case to state court.[13] On October 24, 2017, the Court denied Plaintiffs' motion, finding that "'there is no possibility that Plaintiffs would be able to establish a cause of action' under the Jones Act."[14] On November 9, 2017, Accutrans filed the instant motion for summary judgment, contending the Longshore and Harbor Workers' Compensation Act ("LHWCA"), the exclusive remedy in this case, bars Plaintiffs' Jones Act claims.

## LAW & ANALYSIS

Having previously determined Mr. Costanza was not a Jones Act seaman when he incurred his injuries, the Court finds Plaintiffs' claims are exclusively governed by the LHWCA.[15] The LHWCA reads in pertinent part,

---

[8] *Id.* at ¶ 5, 7.
[9] R. Doc. 1-1.
[10] *Id.* at ¶ 4.
[11] R. Doc. 1.
[12] R. Doc. 12.
[13] R. Doc. 8.
[14] R. Doc. 22 at 10.
[15] 33 U.S.C. § 903(a); *see Swanson v. Marra Brothers, Inc.*, 328 U.S. 1, 6–7 (1946) (acknowledging that Congress had expressed its intention to "confine the benefits of the Jones Act to the members of the crew of a vessel plying in navigable waters and to substitute for the right of recovery recognized by the *Haverty* case only such rights to compensation as are given by [the LHWCA]" and that Congress "explicitly den[ied]

> The liability of an employer prescribed in section 4 [33 U.S.C. § 904] shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this Act.[16]

Thus, because Mr. Costanza is a longshoreman, not a Jones Act seaman, Plaintiffs are barred from seeking relief under the Jones Act.[17] Because Plaintiffs filed their claims against Accutrans pursuant only to the Jones Act, Accutrans is entitled to summary judgment on these claims.

Accordingly;

**IT IS HEREBY ORDERED** that Accutrans' motion for summary judgment is hereby **GRANTED**.

**New Orleans, Louisiana, this 5th day of December, 2017.**

                                              _____
                                              **SUSIE MORGAN**
                                    **UNITED STATES DISTRICT JUDGE**

---

a right of recovery under the Jones Act to maritime workers not members of a crew who are injured on board a vessel"); *see also South Chicago Coal & Dock Co. v. Bassett*, 309 U.S. 251, 257 (1940).
[16] 33 U.S.C. § 905(a).
[17] *Chandris, Inc. v. Latsis*, 515 U.S. 347 (1995); *McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337 (1991).